**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | C.A. No. 23-744-MAK |
| ZONKO BUILDERS, INC. and SALT MEADOWS HOMEOWNERS ASSOCIATION, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |
| SALT MEADOWS HOMEOWNERS ASSOCIATION, INC., | |
| Counterclaim Plaintiff, | |
| v. | |
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, | |
| Counterclaim Defendant. | |

## DEFENDANT'S [PROPOSED] FINAL JURY INSTRUCTIONS

Of Counsel:

**McCARTER & ENGLISH, LLP**
J. Wylie Donald (admitted *pro hac vice*)
1301 K Street, N.W.
Suite 1000 West
Washington, DC 20005
(302) 753-3352
jdonald@mccarter.com

Dated:  April 23, 2024

Kate R. Buck (No. 5140)
Shannon D. Humiston (No. 5740)
**McCARTER & ENGLISH, LLP**
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
kbuck@mccarter.com
shumiston@mccarter.com

*Counsel for Defendant/Counterclaim*
*Plaintiff Salt Meadows Homeowners*
*Association, Inc.*

1

**FINAL JURY INSTRUCTIONS**
**INTRODUCTION AND ROLE OF JURY**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Each of you has been provided a copy of these instructions.  You may read along as I deliver them if you prefer, however, I would encourage you to focus your attention on me while the instructions are being read.  You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain some rules that you must use in evaluating particular testimony and evidence. I will explain the positions of the parties and the law you will apply in this case.  Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.  Please listen very carefully to everything I say.

As I indicated at the start of trial, you and only you are the judges of the facts.  You will have to decide what happened.  I play no part in judging the facts.  Nothing I have said or done during this trial was meant to influence your decisions about the evidence or what your verdict should be.  Your second duty is to apply the law that I give you to the facts.  You must follow the law and these instructions, even if you disagree with them.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

BASED ON THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES.

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits;

3. Any facts that are stipulated--that is, formally agreed to by the parties; and

4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;

2. Objections by lawyers.

3. Any testimony I tell you to disregard; and

4. Anything you may see or hear about this case outside the courtroom.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence.  My legal rulings are not evidence.  My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  You must completely ignore all of these things.  Do not speculate about what a witness

3

might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

BASED ON THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.5.

ME1 48243403v.1

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that is presented to you. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

BASED ON THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.6.

## CONSIDERATION OF EVIDENCE

The evidence from which you are to find the facts consists of the following:

    1. The testimony of the witnesses;

    2. Documents and other things received as exhibits;

    3. Any facts that are stipulated--that is, formally agreed to by the parties; and

    [4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.]

The following things are not evidence:

    1. Statements, arguments, and questions of the lawyers for the parties in this case;

    2. Objections by lawyers.

    3. Any testimony I tell you to disregard; and

    4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced

by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded.   Do not speculate about what a witness might have said or what an exhibit might have shown.


BASED ON THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.5.

## **STATEMENTS OF COUNSEL**

The attorneys' statements and arguments are not evidence.  Instead, their statements and arguments are intended to help you review the evidence presented.  If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law.  An attorney may argue all reasonable conclusions from evidence in the record.  It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence.  What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

ME1 48243403v.1

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it.  In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

BASED ON THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.7.

ME1 48243403v.1

## CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

BASED ON THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.7.

10

## <u>NUMBER OF WITNESSES</u>

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

BASED ON THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 3.2.

11

## **JUDICIAL NOTICE**

The rules of evidence permit the judge to accept facts that cannot reasonably be disputed. This is called judicial notice. I have decided to accept as proved the fact that it rains, sometimes heavily, in Delaware, including on Fenwick Island, where the Salt Meadows Townhomes are located, even though no evidence has been introduced to prove this fact. You must accept this fact as true for purposes of this case.

BASED ON THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 2.2.

12

## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

This is a civil case.  Penn National is the party that brought this lawsuit against Zonko and Salt Meadows.  Salt Meadows then sued back against Penn National, which is called a counterclaim.  Salt Meadows/Zonko (as the insured) bears the burden of proving that a claim falls within the scope of coverage; Penn National (as the insurer), bears the burden of proving that a policy exclusion applies.  That means for both Salt Meadows and Penn National, that each has to prove to you, in light of all the evidence, that what it claims is more likely so than not so.  To say it differently: if, concerning whether a claim falls within the scope of coverage, you were to put the evidence favorable to Penn National and the evidence favorable to Zonko and Salt Meadows on opposite sides of the scales, Salt Meadows would have to make the scales tip somewhat on its side.  If Salt Meadows fails to meet this burden, the verdict must be for Penn National.  However, if you conclude that Salt Meadows has met its burden and established its claim falls within the scope of coverage, Penn National can still prevail if it meets its burden of proving that a policy exclusion applies.  That is, Penn National's evidence for the application of the exclusion makes the scales tip somewhat on its side.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

ME1 48243403v.1

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard of proof and it applies only to criminal cases.  It does not apply in civil cases such as this. So you should put it out of your mind.

BASED ON THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.10; *RSUI Indem. Co. v. Murdock*, 2021 WL 803867, at *13 (Del. Mar. 3, 2021); *Legion Partners Asset Mgmt., LLC v. Underwriters at Lloyds London*, 2020 WL 5757341, at *7 (Del. Super. Ct. Sept. 25, 2020).

ME1 48243403v.1

## **OBJECTIONS - RULINGS ON EVIDENCE**

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

BASED ON THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.5.

ME1 48243403v.1

# <u>ASSIGNMENT</u>

An assignment is any transfer of rights under a contract.  Generally, an assignment of contractual rights is valid.  Zonko assigned its rights under all of the Penn National insurance policies to Salt Meadows.  Therefore Salt Meadows has every right that Zonko had under the policies.

BASED ON DELAWARE CIVIL PATTERN JURY INSTRUCTIONS 19.22; *Industrial Trust Co. v. Stidham, Del. Supr.*, 33 A.2d 159, 160-61 (1942) (judgments arising from contract not involving personal services are assignable); *FinanceAmerica Private Brands, Inc. v. Harvey E. Hall, Inc*., Del. Super., 380 A.2d 1377, 1380 (1977); *Paul v. Chromalytics Corp., Del. Super*., 343 A.2d 62, 625-26 (1975).

16

## ZONKO/SALT MEADOWS CLAIM
## AGAINST PENN NATIONAL- BREACH F CONTRACT

Because Zonko was a party to the insurance contracts at issue (the Penn National policies), Zonko would be entitled to recover damages from Penn National for any breach of the insurance contracts.  Because Zonko assigned all of its rights under the insurance contracts to Salt Meadows, Salt Meadows would be entitled to recover damages from Penn National for any breach of the insurance contracts.

To prove Penn National's liability for breach of contract, Salt Meadows/Zonko must show that Penn National did not fulfill one or more terms of the contract between it and Zonko and that Salt Meadows/Zonko suffered damages as a result of Penn National's failure to fulfill its obligations.

I will explain to you next what Salt Meadows must prove to a preponderance of the evidence to establish coverage under the Penn National policies.


BASED ON DELAWARE CIVIL PATTERN JURY INSTRUCTIONS 19.20; *Ridley Inc. Co. v. Croll*, Del Supr., 192 A.2d 925, 926-27 (1963); *Hudson v. D&V Mason Contractors, Inc*., Del Super., 252 A.2d 166, 169-70 (1969); *Emmett S. Hickman Co. v. Emelio Capaldi Developer, Inc.*, Del Super., 251 A.2d 571, 572-73 (1969).

ME1 48243403v.1

**ZONKO/SALT MEADOWS CLAIM AGAINST PENN NATIONAL-
BREACH OF CONTRACT ON AN INSURANCE POLICY:  PROPERTY DAMAGE**

Each Penn National policy provides:

[Penn National] will pay those sums that the insured [Zonko] becomes legally obligated to pay as damages because of "property damage" to which this insurance applies.

The Penn National insurance applies to "property damage" only if:

1)  The "property damage" is caused by an "occurrence" that takes place in [Delaware]; and

2)  The "property damage" occurs during the policy period.

"Property damage" which occurs during the policy period, includes any continuation, change or resumption of that "property damage" after the end of the policy period.

"Property damage" means physical injury to tangible property, such as the materials used to build the Salt Meadows Townhomes.

The first element Salt Meadows must prove is the existence of "property damage" at the Salt Meadows Townhomes.  "Property damage" is defined as "physical injury to tangible property."  I will refer to such "physical injury to tangible property" as "property damage."

In determining whether there was "property damage" at the Salt Meadows Townhomes, the only issue you need to consider is whether Salt Meadows has proved that some "property damage" existed, took place or continued at any time during the period of the policies in issue – August 1, 2005 to August 1, 2014.

18

Salt Meadows has the burden to prove, by a preponderance of the evidence, that "property damage" existed, took place or continued during a policy period. Thus, each of the policies may provide coverage if Salt Meadows proves that some "property damage" for which Zonko is today liable existed, took place or continued "during the policy period" for that policy. This is called the "trigger of coverage."

For example, for Salt Meadows to have coverage under the Penn National policy issued for the period August 1, 2005 to August 1, 2006, Salt Meadows must prove that some "property damage" at the Salt Meadows Townhomes existed, took place or continued during that period. You must make a separate determination for each of the policy periods: August 1, 2005 to August 1, 2006, August 1, 2006 to August 1, 2007 and so on.   You may rely on the opinions of the expert testimony that you have heard in making such findings.

Some types of property damage, including wood rot, can exist, take place or continue over a period of years and can trigger multiple policies.  Property damage that existed, took place or continued in more than one year will trigger each and every policy in force during the years in which such property damage existed, took place or continued.

The presence of mildew, decay or deterioration or loss of functionality that requires repair or replacement or other response can be "property damage" under the policies.  I now instruct you that it is not necessary for Salt Meadows to show that any specific amount of "property damage" took place or existed in a policy period to "trigger" coverage under that policy.  A policy is triggered by property damage if any property damage for which Zonko is now liable -- no matter how small the amount --  existed, took place or continued during that policy period.

19

*Hercules, Inc. v. AIU Ins. Co.*, 784 A.2d 481 (Del. 2001); *Monsanto Co. v. C.E. Heath*

*Compensation and Liability Ins. Co.*, 652 A.2d 30 (Del. 1994).

ME1 48243403v.1

**ZONKO/SALT MEADOWS CLAIM AGAINST PENN NATIONAL-**
**BREACH OF CONTRACT ON AN INSURANCE POLICY:  OCCURRENCE**

Each Penn National policy provides:

[Penn National] will pay those sums that the insured [Zonko] becomes legally obligated to

pay as damages because of "property damage" to which this insurance applies.

The Penn National insurance applies to "property damage" only if:

1) The "property damage" is caused by an "occurrence" that takes place in [Delaware];

and

2) The "property damage" occurs during the policy period.

An "occurrence" is an accident, including continuous or repeated exposure to substantially

the same general harmful conditions.  An accident shall include "property damage" to [work done

by Zonko's subcontractors] arising from [work done by Zonko].

Each policy thus provides coverage for an "occurrence" that results in "property damage".

Because the policies define "occurrence" in part as "continuous or repeated exposure to"

harmful conditions, you may find that Salt Meadows has established that "property damage"

existed or took place over a period of years if you conclude on the basis of the evidence presented

to you that "property damage" at the Salt Meadows Townhomes existed, took place or continued

in a particular year and then continued in the next year or years as part of a continuous injurious

process.

ME1 48243403v.1

You have heard evidence that additional mildew, decay or deterioration or loss of functionality took place at the Salt Meadows Townhomes after the last of the Penn National policy periods.  I instruct you that this evidence is not relevant to your deliberations regarding trigger of coverage.

*Hercules, Inc. v. AIU Ins. Co.*, 784 A.2d 481 (Del. 2001); *Monsanto Co. v. C.E. Heath Compensation and Liability Ins. Co.*, 652 A.2d 30 (Del. 1994).

## ZONKO/SALT MEADOWS CLAIM AGAINST PENN NATIONAL-
## BREACH OF CONTRACT ON AN INSURANCE POLICY:  LEGAL OBLIGATION

Each of the Penn National policies provides that the insured, Zonko, is entitled to recover from Penn National sums of money that Zonko "becomes legally obligated to pay as damages because of 'property damage' to which this insurance applies."  I have already instructed you concerning "property damage."

It has already been determined that Zonko was "legally obligated to pay" a sum of money for the repair and replacement of the Salt Meadows Townhomes because of "property damage."

Salt Meadows has the burden to prove, by a preponderance of the evidence, that Zonko has or had liability "because of property damage"" that existed, began or continued during the policy period.  This means that Salt Meadows must prove that some "property damage" existed, took place or continued during the policy period.  It is not necessary for Salt Meadows to prove that a large, substantial or widespread amount of property damage existed during a policy period.  If Salt Meadows proves that any amount of "property damage" took place, existed or continued during the policy period, the policy sold to Zonko for that period is "triggered" and affords coverage to Zonko.

ME1 48243403v.1

## ZONKO/SALT MEADOWS CLAIM AGAINST PENN NATIONAL
## FOR DUTY OF INSURER TO HANDLE CLAIMS IN GOOD FAITH

An insurance company has a contractual obligation to investigate, process, and defend claims brought by or against its insured.  An insurer violates its obligations to its insured if it acts in bad faith -- meaning that the insurer [__acts / fails to act__] without reasonable justification.

It is a violation of the duty of good faith for an insurer to misrepresent pertinent facts or insurance policy provisions relating to coverages at issue.

It is a violation of the duty of good faith for an insurer to fail to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

It is a violation of the duty of good faith for an insurer to refuse to pay claims without conducting a reasonable investigation based upon all available information.

It is a violation of the duty of good faith for an insurer to not attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.

It is a violation of the duty of good faith for an insurer to compel insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds.

It is a violation of the duty of good faith for an insurer to fail to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

BASED ON DELAWARE CIVIL PATTERN JURY INSTRUCTIONS 17.6; *See* 18 *Del. C*. § 2304(16)(a), (c), (d), (f), (g), (n); *Pierce v. International Ins. Co. of Illinois*, Del. Supr., 671 A.2d

1361, 1364-66 (1996) (under workers' compensation law, employer's carrier has duty to act in good faith to beneficiary-employee); *Tackett v. State Farm Fire & Cas. Ins. Co.*, Del. Supr., 653 A.2d 254, 262-64 (1995) (Insurance carrier's duty to act in good faith in first party disputes).

25

## ZONKO/SALT MEADOWS CLAIM AGAINST PENN NATIONAL FOR DUTY OF INSURER TO SETTLE IN GOOD FAITH

An insurance company has a duty to act in good faith to make a reasonable settlement of a claim within the insured's policy limits.  An insurer fails to act in good faith when it refuses to offer to settle within the policy limits, and when this refusal is without reasonable justification.

BASED ON DELAWARE CIVIL PATTERN JURY INSTRUCTIONS 17.7; *See* 18 *Del. C.* § 2304(16)(f); *see also Stilwell v. Parsons*, Del. Supr., 145 A.2d 397, 402 (1958) (insurance carrier's duty of good faith and care in settlement negotiations).

26

## ZONKO/SALT MEADOWS CLAIM AGAINST PENN NATIONAL
## DAMAGES -- BREACH OF CONTRACT – GENERAL

If you find that one party committed a breach of contract, the other party is entitled to compensation in an amount that will place it in the same position it would have been in if the contract had been properly performed.  The measure of damages is the loss actually sustained as a result of the breach of the contract.

BASED ON DELAWARE CIVIL PATTERN JURY INSTRUCTIONS 22.24.

ME1 48243403v.1

## ZONKO/SALT MEADOWS COUNTERCLAIM

## PUNITIVE DAMAGES

If you decide to award compensatory damages to Salt Meadows you must determine whether Penn National is also liable to Salt Meadow for punitive damages.

Punitive damages are different from compensatory damages.  Compensatory damages are awarded to compensate the plaintiff for the injury suffered.  Punitive damages, on the other hand, are awarded in addition to compensatory damages.

You may award punitive damages to punish a party for outrageous conduct and to deter a party, and others like it, from engaging in similar conduct in the future.  To award punitive damages, you must find by a preponderance of the evidence that Penn National acted [*intentionally/recklessly*].  Punitive damages cannot be awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence.

Intentional conduct means it is the person's conscious object to engage in conduct of that nature.  Reckless conduct is a conscious indifference that amounts to an "I don't care" attitude.  Reckless conduct occurs when a person, with no intent to cause harm, performs an act so unreasonable and dangerous that it knows or should know that there is an imminent likelihood of harm that can result.  Each requires that the defendant foresee that its conduct threatens a particular harm to another.

The law provides no fixed standards for the amount of punitive damages.

In determining any award of punitive damages, you may consider the nature of  Penn National's conduct and the degree to which the conduct was reprehensible.  Finally, you may assess an amount of damages that will deter Penn National and others like it from similar conduct in the future.  You may consider Penn National's financial condition when evaluating deterrence.  Any award of punitive damages must bear a reasonable relationship to Salt Meadow's

ME1 48243403v.1

compensatory damages.  If you find that Salt Meadow is entitled to an award of punitive damages, state the amount of punitive damages separately on the verdict form.

BASED ON DELAWARE CIVIL PATTERN JURY INSTRUCTIONS 22.27; *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of North American, Inc. v. Gore*, 517 U.S. 559, 575 (1996); *Wilhelm v. Ryan*, 2006 Del. LEXIS 399, at \*13-14 (Del. Jul. 18, 2006)(civil jury may consider criminal punishment in determining punitive damages); *Gannett Co. v. Kanaga*, 750 A.2d 1174, 1190 (Del. 2000); *Devaney v. Nationwide Mut. Auto Ins. Co.*, 679 A.2d 71, 76-77 (Del. 1996); *Tackett v. State Farm Fire and Cas. Ins. Co.*, 653 A.2d 254, 265-66 (Del. 1995)(punitive damages available in bad faith action if breach is particularly egregious); *Jardel Co. v. Hughes*, 523 A.2d 518, 527-31 (Del. 1987); *Jones v. Del. Cmty. Corp. for Individual Dignity*, 2004 Del. Super. LEXIS 133, at \*14-15, *aff'd*, *Del. Cmty. Corp. for Individual Dignity v. Jones*, 2005 Del. LEXIS 152 (Del. Apr. 12, 2005)(ORDER).

ME1 48243403v.1

## **DELIBERATION**

When you retire to the jury room to deliberate, you may take with you these instructions, your notes and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions

30

about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case.  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a cell phone, smart phone, tablet, or computer of any kind; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, website, or social networking service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages.  Never write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that a certain number is voting one way or another.   Your votes should stay secret until you are finished.

ME1 48243403v.1

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, each juror must agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form.  You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.

BASED ON THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 3.1.

Dated: April 23, 2024

**MCCARTER & ENGLISH, LLP**

*/s/ Shannon D. Humiston*
Kate R. Buck (No. 5140)
Shannon D. Humiston (No. 5740)
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
kbuck@mccarter.com
shumiston@mccarter.com

*Counsel for Defendant/Counterclaim
Plaintiff Salt Meadows Homeowners
Association, Inc.*

ME1 48243403v.1