# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>  v.<br><br>ZONKO BUILDERS, INC. and SALT MEADOWS HOMEOWNERS ASSOCIATION, INC.,<br><br>      Defendants. | C.A. No. 23-744-MAK<br><br>**JURY TRIAL DEMANDED** |
| SALT MEADOWS HOMEOWNERS ASSOCIATION, INC.,<br><br>      Counterclaim Plaintiff,<br><br>  v.<br><br>PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY,<br><br>      Counterclaim Defendant. | |

## [PROPOSED] PRELIMINARY JURY INSTRUCTIONS

Of Counsel:

**MCCARTER & ENGLISH, LLP**
J. Wylie Donald (admitted *pro hac vice*)
1301 K Street, N.W.
Suite 1000 West
Washington, DC 20005
(302) 753-3352
jdonald@mccarter.com

Dated: April 23, 2024

**MCCARTER & ENGLISH, LLP**
Kate R. Buck (No. 5140)
Shannon D. Humiston (No. 5740)
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
kbuck@mccarter.com
shumiston@mccarter.com

*Counsel for Defendant/Counterclaim Plaintiff Salt Meadows Homeowners Association, Inc.*

## **PRELIMINARY JURY INSTRUCTIONS**

## **INTRODUCTION AND ROLE OF JURY**

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.1.

**DESCRIPTION OF THE CASE AND SUMMARY OF APPLICABLE LAW**

I will now give you a brief overview of who the parties are and what each contends.

The Plaintiff is Pennsylvania National Mutual Casualty Insurance Company, an insurance company that issued a series of insurance policies to Zonko Builders, Inc., the general contractor who was awarded the contract to construct twenty (20) homes on Salt Meadows Drive in Fenwick Island, Delaware during each year that those homes were built and the following seven years. During the trial, you may hear this insurance company referred to by its name or as "Penn National", "Plaintiff" or "Counterclaim Defendant." You may hear the general contractor referred to as "Zonko" or "Zonko Builders". And, you may hear the location of the homes referred to as "Salt Meadows".

The Defendant, Salt Meadows Homeowners Association, Inc., is a homeowners association that filed a counterclaim against Penn National for breach of the insurance policies and bad faith. During the trial, you may hear the homeowners association referred to by its name or as the "Association", "Salt Meadows", "Defendant" or "Counterclaim Plaintiff."

In this case, the Association claims that Penn National's Policies with Zonko require it to pay a judgment awarded to the Association by the Delaware Superior Court in February 2023. The Association also claims that Penn National has failed to fulfill its contractual obligations in good faith. Penn National denies these claims and requests that the Court find that it owes nothing to Zonko, the Association or any other person or business entity in connection with the underlying judgment.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that each party must prove to make its case:

The Association has filed counterclaims against Penn National, alleging breach of the written terms of each Policy and breach of the duty of good faith and fair dealing implied in each Policy issued to Zonko by Penn National.  To succeed on these counterclaims, the Association must demonstrate that the judgment meets the terms of the Policies.  The parties agree that most of the terms have been established, but they dispute whether property damage occurred during the policy periods and whether the judgment arises from work performed on Zonko's behalf by subcontractors.  If the Association successfully establishes both of these elements, then the judgment is covered and no additional proof is required to establish that Penn National breached the Policies.

To establish that Penn National breached the Policies by failing to investigate, settle or pay the judgment in bad faith, the Association must prove that Penn National's actions lacked any reasonable justification.  To be entitled to punitive damages for any bad faith conduct by Penn National, the Association must also establish that Penn National's denial of coverage was willful, malicious or with reckless indifference or malice toward the plight of the insured.  Penn National denies that the Association will be able to meet its burdens.

BASED ON THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.2; *Tackett v. State Farm Fire & Casualty Ins.  Co.*, 653 A.2d 254, 264 (Del.  1995); *Bennett v.  USAA Cas.  Ins.  Co.*, 158 A.3d 877, *4 (Del.  2017) (Table).

## **CONDUCT OF THE JURY**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones, and other portable electronic devices; laptops and other computers both portable and fixed; and other technology, to access the internet and to communicate with others.

You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services, such as Twitter, or through any blog, website, internet chat room, or by way of any other social networking websites or services, including Facebook, Instagram, LinkedIn, Snap Chat, Tik-Tok and YouTube.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because he or she is not supposed to talk or visit with you, either. That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case, the parties in this case, or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims or defenses until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance. You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.

THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.3.

## **TRIAL SCHEDULE**

This case is expected to take approximately 4 days to try, but may go into a 5th day . We will normally begin the day promptly at 9:30 a.m. and end at approximately 5:00 p.m. We will take a lunch break in the middle of the day for 1 hour. There will be a fifteen minute break in the morning and another one in the afternoon. The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. On that day, the proceedings might last beyond 5:00 p.m.

## **BENCH CONFERENCES**

During the trial, it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference or going into my Chambers. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.4.

## **EVIDENCE**

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits;

3. Any facts that are stipulated--that is, formally agreed to by the parties; and

4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;

2. Objections by lawyers.

3. Any testimony I tell you to disregard; and

4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced

by the fact that an objection is made.  Objections to questions are not evidence.  Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence.  Do not consider any testimony or other evidence that gets struck or excluded.  Do not speculate about what a witness might have said or what an exhibit might have shown.

THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.5.

## **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that is presented to you. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.6.

ME1 47656076v.2

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1)     the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2)     the quality of the witness's understanding and memory;

(3)     the witness's manner while testifying;

(4)     whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5)     whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6)     how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7)     any other factors that bear on believability.

THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.7.

## **NOTE-TAKING BY JURORS**

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My Courtroom Deputy will arrange for pens, pencils, and paper. Remember that your notes are for your own personal use -- they are not to be given or read to anyone else or any other juror.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations.

Here are some other specific points to keep in mind about note taking:

1. Note-taking is permitted, not required. Each of you may take notes. No one is required to take notes.

2. Be brief. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation.

3. Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official

transcripts. They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial. They are valuable, if at all, only as a way to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case. You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

4. Do not take your notes away from court. I repeat, at the end of each day, please leave your notes in the jury room. If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations.

THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.9 (Option 1).

## **BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**

This is a civil case. Penn National is the party that brought this lawsuit against Zonko and the Association. The Association filed a counterclaim against Penn National. Penn National and the Association each have the burden of proving their respective claims by what is called the preponderance of the evidence. That means they each have to prove to you, in light of all the evidence, that what each of them claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Penn National and the evidence favorable to the Association on opposite sides of the scales, Penn National would have to make the scales tip somewhat on its side to prevail on its claims and the Association would have to make the scales tip somewhat on its side to prevail on its claims. If either party fails to meet this burden, the verdict must be rendered against it. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, the party asserting the defense has the burden of proving the elements of that defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that the Defendant has succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.10

## **DESCRIPTION OF TRIAL PROCEEDINGS**

The trial will proceed in the following manner:

First, attorneys for Penn National will make an opening statement to you.  Next, attorneys for the Association will make an opening statement.  What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.

After the attorneys have made their opening statements, each party is given an opportunity to present its evidence.

Penn National will go first because it has the burden of proof on its claim that it owes no duty to indemnify.  Penn National will present witnesses whom counsel for the Association may cross-examine.  The Association may also present evidence.  Following Penn National's case, the Association will present evidence.  Counsel for Penn National may cross-examine witnesses for the defense.  After the parties' main cases are presented, they may be permitted to present what is called rebuttal evidence.

After all the evidence has been presented, I will instruct you on the law and then the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions.  As with opening statements, closing arguments are not evidence.  Once the closing arguments are completed, you will retire to the jury room to deliberate on your verdict in this case.

THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.12.

## **STIPULATION OF FACT**

The parties have stipulated that certain facts are true, and those stipulations may be read to you during this trial. You must therefore treat these facts as having been proved for the purposes of this case.

THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 2.4.

| | |
|---|---|
| Of Counsel:<br><br>**McCARTER & ENGLISH, LLP**<br>J. Wylie Donald (admitted *pro hac vice*)<br>1301 K Street, N.W.<br>Suite 1000 West<br>Washington, DC 20005<br>(302) 753-3352<br>jdonald@mccarter.com<br><br>Dated: April 23, 2024 | **McCARTER & ENGLISH, LLP**<br><br>*/s/ Shannon D. Humiston*<br>Kate R. Buck (No. 5140)<br>Shannon D. Humiston (No. 5740)<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801<br>(302) 984-6300<br>kbuck@mccarter.com<br>shumiston@mccarter.com<br><br>*Counsel for Defendant/Counterclaim Plaintiff Salt Meadows Homeowners Association, Inc.* |

ME1 47656076v.2